EDWIN D. GODFREY *versus* HENRY M. CODMAN.

A plaintiff's book is not competent evidence to prove a sale of goods, unless he can testify, or in some other way prove, a delivery.

ASSUMPSIT for a bill of goods sold.

Plaintiff introduced letters from defendant, ordering certain goods to be sent by the rail cars, and then, together with his suppletory oath, introduced his book, containing a charge of articles conforming to said order. On cross-examination, he testified that he could not recollect to whom he delivered the goods, or in what manner they were sent. There was no other evidence. The defendant requested the District Judge to instruct the jury, that the book was not *competent* evidence of the delivery. This was refused, and the defendant excepts, the verdict being against him.

*Cutting*, for defendant. A delivery must be proved either by oath of plaintiff or by some other evidence. But here is no proof of any kind as to the delivery. Unless the plaintiff testifies to a delivery, the book and oath, without further proof, are not *competent* to prove the sale.

*J. Godfrey*, for plaintiff. The point has been settled for plaintiff. *Belknap* v. *Mitchell*, 23 Maine, 475.

*Cutting*, in reply. That case proved a delivery at the place as ordered. It is therefore a case in point for us. Here no delivery was proved.

TENNEY, J., orally. — In *Belknap* v. *Mitchell*, it was proved that the goods were delivered to one or the other of the defendant's agents, and at the place ordered. In this case, it is not shown to whom the delivery was made. It does not therefore appear that either the defendant or any agent of his had the articles. A plaintiff's book showing that he made a delivery to *somebody* is not *competent* evidence to charge a particular person.

*Exceptions sustained.*